IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE A. WINKELMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 10-302E |
| vs. ) | |
| ) | |
| ARCHIE B. LONGLEY, Warden, ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

George A. Winkelman ("Petitioner") is currently incarcerated in the Federal Correctional Institution at McKean ("FCI-McKean"), which is located within this judicial district, serving an aggregate sentence of 480 months for drug and firearms convictions, which were obtained in 2003. Petitioner was convicted in and sentenced by the United States District Court for the Middle District of Pennsylvania (the "Sentencing Court"). Petitioner has now filed what purports to be a habeas petition pursuant to 28 U.S.C. §2241, seeking not to challenge the execution of his sentences but the validity of his convictions. ECF No. 4. Because Petitioner has engaged in an abuse of the writ, the case should be dismissed as such. Alternatively, because Petitioner cannot show that a Section 2255 motion is inadequate or ineffective to test the validity of his convictions, the present petition must be dismissed as jurisdictionally improper. Petitioner simply fails to show why he could not have previously brought the claims that he now raises herein. Nor does Petitioner offer any new evidence that would establish his actual innocence of the crimes for which he was convicted.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 25, 2001, Petitioner was charged in the Middle District of Pennsylvania

with multiple counts of drug and firearms crimes. U.S.A. v. George A. Winkelman, No. 4:01-cr-00304-YK-8 (M.D. Pa.).

On June 18, 2003, a jury in the Middle District of Pennsylvania found Petitioner guilty of five counts related to narcotics trafficking and firearms charges. Id. ECF No. 725. After an appeal, where the United States Court of Appeals for the Third Circuit affirmed Petitioner's convictions but remanded for resentencing, Petitioner was resentenced by the Sentencing Court on October 17, 2006 to an aggregate term of 480 months of imprisonment followed by ten years of supervised release. On October 26, 2006, Petitioner filed an appeal following the resentencing and on January 19, 2007, the Court of Appeals dismissed the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. U.S.A. v. Winkelman, 06-4584 (3d Cir. Order filed 1/19/2007).

On February 23, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, arguing numerous claims, including ineffective assistance of counsel during trial and appeal, constitutional violations (4th, 5th, & 6th Amendments), plain error by the Sentencing Court, and that the indictment was insufficient. U.S.A. v. George A. Winkelman, No. 4:01-cr- 00304-YK-8 (M.D. Pa. ECF No. 1020). It should be noted that on December 31, 2007, soon after the Supreme Court had issued its decision in Watson v. United States, 552 U.S. 74 (2007), Petitioner sought leave to amend his Section 2255 motion, U.S.A. v. George A. Winkelman, No. 4:01-cr- 00304-YK-8 (M.D. Pa. ECF No. 1072), in order to raise a claim, challenging his convictions at Counts Ten and Twelve (the firearms convictions) based upon the Watson decision. The Sentencing Court denied Petitioner leave to amend because of Petitioner's failure to comply with local rules. On March 10, 2008, the Sentencing Court issued a memorandum order denying Petitioner's § 2255 motion for failure

to make a substantial showing of the denial of a constitutional right. U.S. v. Winkelman, 548 F.Supp.2d 142, 145 (M.D. Pa. 2008).

On March 27, 2008, Petitioner filed a Notice of Appeal and an Application for Certificate of Appealability. On July 10, 2008, the Court of Appeals, denied the application for a certificate of appealability, finding that "Jurists of reason could not debate that the District Court properly dismissed appellant's 28 U.S.C. § 2255 motion, his motion for appointment of counsel, his motions to amend, and his motions for discovery." U.S.A. v. George Winkelman, No. 08-1932 (3d Cir. order dated July 10, 2008).

On December 19, 2008, Petitioner filed a motion for leave to proceed in forma pauperis in order to prosecute a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, ("the 2008 Section 2241 Petition") in which he again challenged his conviction for firearms violations. Winkelman v. Quintana, No. 08-354E (W.D. Pa. 2008). Specifically, Petitioner argued, as he had when he sought leave to amend his Section 2255 motion, that his firearms convictions were invalidated by the United States Supreme Court's decision in Watson rendered on December 10, 2007. Petitioner also argued that he received an unauthorized sentence for his firearms convictions based on the decision of the United States Court of Appeals for the Second Circuit in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). On April 14, 2011, Magistrate Judge Baxter issued an opinion, dismissing the 2008 Section 2241 petition as jurisdictionally improper and rejecting his contention that Watson required that his conviction for the firearms violation be overturned. Winkelman v. Quintana, No. 08-354E (W.D. Pa. ECF No. 18, 4/14/2008).

On January 22, 2010, Petitioner filed, in the Sentencing Court, a Motion for Fraud Upon the Court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in which he claims

3

that government officials, state officials, and witnesses for the prosecution (including the prosecuting Assistant United States Attorney, a DEA Special Agent, and a Pennsylvania State Trooper) all committed perjury and fabricated evidence therefore committing fraud upon the court. U.S.A. v. George A. Winkelman, No. 4:01-cr-00304-YK-8 (M.D. Pa. ECF No. 1114). On July 7, 2010, the Sentencing Court filed a Memorandum Order in which the Court treated the motion as a second or successive § 2255 motion and therefore denied the motion for lack of jurisdiction. Winkelman v. U.S., No. 4:CR-01-403, 4:CV-07-348, 2010 WL 2696861 (M.D. Pa. July 7, 2010). On July 16, 2010, Petitioner filed a Motion for Reconsideration, and on July 20, 2010, he appealed the July 7, 2010 Memorandum Order. On November 12, 2010, after some intervening proceedings, the Court of Appeals denied a certificate of appealability. On November 26, 2010, Petitioner filed a "Petition for Rehearing before Original Panel" with the Court of Appeals, and on December 10, 2010, the Court of Appeals denied the Petition for Rehearing.

Not even ten days later, with the ink barely dry on the Court of Appeals order denying Petitioner a certificate of appealability, Petitioner, on December 20, 2010 signed the instant Section 2241 Petition, raising herein either the same claims has he had previously raised or new claims that he had not previously raised.

The Section 2241 petition was ultimately docketed, ECF No. 4, along with a brief in support. ECF No. 5. The Respondent filed an Answer, asserting that the Section 2241 Petition was jurisdictionally improper. ECF No. 12. Petitioner filed a Traverse. ECF No. 13. This case was then reassigned to the undersigned in June, 2011. ECF No. 14.

All parties have consented to the Magistrate Judge's exercise of plenary jurisdiction in this case. ECF Nos. 7 & 10.

4

## II. DISCUSSION

Petitioner essentially raises three issues in the present petition:

I. Was the Petitioner's right to due process under the Fifth Amendment, violated by the illegal restraint of his assets at Bank Account #0367-1305-894?
II. Was the Petitioner denied his Sixth Amendment right to counsel of his choice by the illegal restraint of his assets at Bank Account #0367-1305-894?
III. Was the Petitioner denied his Sixth Amendment right to effective assistance of counsel?

ECF No. 5 at 4. Petitioner's arguments are based upon the following allegations. He alleges that the prosecution through ex parte filings sought seizure of assets and in those filings prosecution agents lied and perjured themselves, wrongly stating that the assets sought to be seized were connected to Petitioner's drug activities. Petitioner avers that such alleged government misconduct violated his Fifth Amendment right to due process, which the Court takes to mean that Petitioner is claiming a violation of his substantive due process rights, that is, his right to fundamental fairness was violated by such alleged government wrongdoing. See, e.g., ECF No. 5 at 17 ("the government intentionally[] used fabricated and misleading information in the affidavit of probable cause that it submitted to the Court in support of it's [sic] request to restrain the Petitioner's property, [and, thereby] intentionally violated the Petitioner's Fifth Amendment right to due process of law."); id. at 18 ("This misconduct by the government caused a grave miscarriage of justice, violating the Petitioner's rights under the Fifth Amendment to due process of law . . . ."). In addition, Petitioner is making a procedural due process claim as well. Id. at 12 ("The Petitioner contends, that his due process of law under the Fifth Amendment to the United States Constitution was violated by the illegal restrain[t] of his Bank Account #0367-1305-894, . . . and that Petitioner should have been afforded a due process

5

evidentiary hearing before the government could effectively freeze his assets."). Petitioner further contends that the seizure of his assets prevented him from obtaining his counsel of choice and thus violated his Sixth Amendment right to counsel of his choosing and resulted in him having to accept a court appointed attorney. Lastly, Petitioner contends that this counsel who was appointed rendered ineffective assistance in a whole host of ways.

We find that Petitioner has failed to carry his burden to show that a Section 2255 motion is inadequate or ineffective to challenge the validity of his conviction so as to permit him to file this present Section 2241 petition in order to challenge the validity of his conviction. In the alternative, we find that Petitioner has abused the writ and so, the Section 2241 Petition should be dismissed as an abuse of the writ.

    A.    **Section 2241 vs. Section 2255.**

Petitioner seeks to attack the validity of his convictions. However, as a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed, are properly brought under a Section 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. <u>In re Nwanze</u>, 242 F.3d 521, 523 (3d Cir. 2001) ("ordinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

In contrast, as a general rule, a petition under Section 2241 is properly brought where the federal convict is seeking to challenge the carrying out or the execution of his sentence (<u>e.g.</u>, the calculation of good time credits, the calculation of the ending date, <u>etc</u>.) and is filed in the federal court of the judicial district where the federal convict is then incarcerated. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Bennet v. Soto</u>, 850 F.2d 161 (3d Cir. 1988), <u>superseded by statute on other grounds as recognized by</u>, <u>Callwood v. Enos</u>, 230 F.3d 627

6

(3d Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). This is only a general rule and there are instances where a Section 2241 petition which attacks the validity of the conviction, as Petitioner herein does, and/or attacks the sentence, as imposed, may properly be brought. However, a Section 2241 Petition, which attacks the validity of the conviction and/or the validity of the sentence, as imposed, may only be brought after it has been shown that Section 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255 (5th paragraph); In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997).

The statutory provisions governing this case provides in pertinent part that:

[a]n application for a writ of habeas corpus [i.e., a Section 2241 petition[1]] in behalf of a prisoner who is authorized to apply for relief by motion [i.e., Section 2255 motion] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.[2] Thus, before federal convicts can avail themselves of a Section 2241 petition in order to attack the validity of their conviction and/or the sentence, as imposed, they must show that section 2255 is inadequate or ineffective. Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or

---

[1] Alamin v. Gerlinski, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998) (construing the language "application for a writ of habeas corpus" to mean a Section 2241 petition, noting that the above quoted passage "allows the filing of a habeas (i.e., a 2241) petition when relief under section 2255 'is inadequate or ineffective to test the legality of [the] detention.'" ); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

[2] This passage which permits an attack on the conviction or on the sentence, as imposed, via a Section 2241 petition where a Section 2255 motion would be inadequate or ineffective is commonly referred to as the "savings clause." Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

7

conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted). It is the burden of the Petitioner to prove that a motion under Section 2255 is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.") (per curiam). Petitioner has not met that burden.

### 1. Failure to meet Section 2255(h) gatekeeping provision is insufficient.

It is true that Petitioner cannot meet the gatekeeping requirements of Section 2255(h)[3] and, therefore cannot file another Section 2255 motion as the Court of Appeals has already rejected Petitioner's request for permission to file a second or successive Section 2255 motion when the Court of Appeals rejected his Section 2244 petition. In re George A. Winkelman, C.A. No. 11-2297 (3d Cir. 5/26/2011). However, just because Petitioner cannot meet the gatekeeping requirements, does not mean that he has established the inadequacy of the Section 2255 motion. In re Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because

---

[3] The gatekeeping provision is found in 28 U.S.C. Section 2255(h), and it permits a federal convict to seek leave of the Court of Appeals to file a second or successive Section 2255 motion in the sentencing court only under the limited circumstances as provided below:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." ); Pack v. Yussuf, 218 F.3d at 453 ("a section 2255 motion cannot become 'inadequate or ineffective,' thus permitting the use of [section] 2241, merely because a petitioner cannot meet the AEDPA second or successive requirements. To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.") (internal quotations and citations omitted); Atkinson v. Zickefoose, __ F.App'x __, __, 2011 WL 3906710 at *1 (3d Cir. Sept. 7, 2011) ("The 'inadequate or ineffective' exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999). Although showing that one cannot pass through the gatekeeping requirements may not be a sufficient condition in order to show Section 2255 is inadequate or ineffective, it would appear to be a necessary condition to establishing such, otherwise, if one can pass through the gatekeeping requirements, then one can bring a second or successive Section 2255 motion and there would be no need to attempt to bring a Section 2241 petition. Here, Petitioner has met that hurdle, insofar as he has been denied leave to file a second or successive 2255 motion by the Court of Appeals. This is not sufficient though.

**2.     Dorsainvil requires actual innocence plus no prior opportunity.**

The United States Court of Appeals for the Third Circuit in the landmark case of In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997) explained what more is required in order to show

9

that a Section 2255 motion is inadequate or ineffective so as to permit the utilization of a Section 2241 petition in order to attack the validity of a conviction. In order to show a Section 2255 motion is inadequate or ineffective so as to permit using a Section 2241 petition to attack the validity of a conviction, <u>Dorsainvil</u> requires petitioners to prove that: 1) they are actually innocent of the crimes and 2) they had no prior opportunity to make the showing that they are actually innocent. See <u>Pollard v. Yost</u>, 406 F.App'x 635, 637 (3d Cir. 2011), *cert. den.*, 131 S.Ct. 3080 (June 27, 2011) (in order to come within the <u>Dorsainvil</u> exception, there must be not only a claim of actual innocence but a "claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute[,]" which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal). See also <u>Walker v. Williamson</u>, 235 F.App'x 888, 889 (3d Cir. 2007) ("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here."). While this seems to be the narrow rule established in <u>Dorsainvil</u>, <u>i.e.</u>, one who brings such a claim of actual innocence based on an intervening change of the law which occurred after a Section 2255 has been decided or the time for filing such has run out, has established the inadequacy of Section 2255, <u>Dorsainvil</u> does not answer the question of whether this is the **only** kind of claim of actual innocence that so establishes the inadequacy of Section 2255. <u>Dorsainvil</u>, 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of

the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable.").

        **B.**        **Petitioner does not come within the <u>Dorsainvil</u> exception.**

We find that Petitioner's arguments fail to bring him within the rationale underlying <u>Dorsainvil</u>. Petitioner's arguments fail under both the "inability to previously bring the claim" test of <u>Dorsainvil</u> as well as the "actual innocence" test of <u>Dorsainvil</u>.

        **1.**        **Petitioner has not shown an inability to bring these claims earlier.**

Petitioner is now claiming that he has only recently discovered the evidence that the government agents perjured themselves in their ex parte filings (which were filed in October 2001 in Petitioner's criminal case) in order to have Petitioner's assets seized and thus he could not have previously brought these claims. Petitioner notes that it was only on August 4, 2009, when the Sentencing Court unsealed these ex parte filings that he was able to learn of the alleged perjury. ECF No. 5 at 5; ECF No. 13 at 1. The Sentencing Court did so in response to a motion by the prosecution to unseal the ex parte filings, and the prosecution was moved to do so apparently by the Petitioner and/or his co-defendant brother filing a Freedom of Information Act claim seeking the information.[4] Petitioner does not explain why he himself could not have filed a motion to unseal such records previously, or why he could not have sought such information via a Freedom Of Information Act request previously. Petitioner fails to explain why he could not have sought such information or the unsealing at the time of the filing of his Section 2255 motion. Thus, we find that Petitioner has not carried his burden to meet the "no ability to

---

[4] We take judicial notice of the dockets of the Sentencing Court in Petitioner's criminal case, <u>U.S. v. Winkelman</u>, No. 4:CR-01-00304 (M.D. Pa. ECF No. 1107 (Government's Motion to unseal) & ECF No. 1108 (court order granting motion to unseal)), available on PACER at:
                                            footnote continued

previously bring these claims" test of Dorsainvil.

Furthermore, Petitioner utterly fails to explain the why even without the information allegedly showing that the government agents lied in their ex parte filings he could not have brought his claim that the seizure of his assets violated his purported Sixth Amendment right to counsel of his choice.   In other words, at the time of the seizure of his assets, he knew everything he needed to know to bring this Sixth Amendment claim.   He knew that his assets were seized and he knew that he could not have counsel of his choice because the seizure of those assets.   Hence, he knew all that he needed to know in order to bring his Sixth Amendment claim then.   That the government agents allegedly lied in their ex parte filings in order to "wrongfully" obtain the seizure of Petitioner's assets is quite irrelevant to Petitioner's Sixth Amendment claim that his right to counsel of his choice was violated by the seizure of his assets.

As for Petitioner's procedural due process claim that he was denied a hearing, including any post deprivation hearing on the forfeiture of his assets, again, he knew shortly after the seizure of his assets, that he did not receive any such hearing and certainly by the time he filed his Section 2255 motion, he knew that he had been denied any such post-deprivation hearing. Hence, again, the allegedly newly discovered evidence of the alleged perjury is quite irrelevant to any procedural due process claim.   Thus, Petitioner fails to explain why he could not have brought any procedural due process claim previously.

As for any substantive due process claim, i.e., it was fundamentally unfair that the government agents would allegedly lie in the ex parte filings in order to obtain seizure of the assets, we understand such a claim is, unlike the two just mentioned claims, dependent upon

---

https://ecf.pamd.uscourts.gov/doc1/15512567407

Petitioner knowing of the alleged lying. However, as we noted earlier, Petitioner utterly fails to show why he himself could not have previously filed a motion to unseal such records or why he could not have earlier filed a Freedom of Information Act claim that prompted the government to file the motion to unseal. To the extent that Petitioner's third issue of the ineffectiveness of his trial counsel is dependent upon his appointed counsel's failure to obtain such information about the alleged lying of the government agents, the same reasoning obtains, Petitioner fails to explain why he could not have earlier filed a motion to unseal the ex parte filings so as to earlier discover such alleged ineffectiveness of his court appointed counsel.

Hence, Petitioner fails to come within the "no ability to previously bring the claims" test of Dorsainvil.

### 2. Petitioner fails to show actual innocence of the crimes.

In the alternative, even if the evidence could be deemed "newly discovered" or even if we deemed that Petitioner could not have previously brought these claims, nothing in the so called new evidence establishes that Petitioner is actually innocent of the charges for which he was found guilty. In fact, Petitioner readily concedes as much when he declares: "even though the Petitioner is claiming newly discovered evidence, . . . this newly discovered evidence by the Petitioner is not enough that a jurist of reason would be able to find the Petitioner not guilty of the charges against him." ECF No. 5 at 27. See also ECF No. 13 at 5 ("Petitioner's new evidence would not have been enough that a juror of reason would have found him not guilty of the charges."). Hence, Petitioner cannot establish his" actual innocence" of the charges he was convicted of.

Thus, Petitioner fails to establish either prong of the Dorsainvil test. Having failed to bring himself within the Dorsainvil rule, we do not find that Petitioner's circumstances justify

13

recognizing any exception in addition to the Dorsainvil rule so as to permit him to file this Section 2241 petition in order to attack the validity of his convictions. Hence, this Section 2241 petition will be dismissed.

      **C.     Abuse of the Writ of Habeas Corpus.**

In the alternative, we find the present Section 2241 Petition constitutes an abuse of the writ. Petitioner certainly could have raised the following three claims in the prior Section 2255 motion and/or in the 2008 Section 2241 petition: 1) his claim of procedural due process violations (concerning lack of a hearing after his bank account was seized); 2) violation of his putative right to counsel of choice and 3) at least some of his ineffective assistance of counsel claims, (i.e., those not dependent upon his counsel knowing of the alleged perjury by the government agents in the affidavits used to seize Petitioner's bank account). As demonstrated above, Petitioner's so-called newly discovered evidence of alleged prosecutorial perjury in the affidavits used to seize his bank account was quite irrelevant to these three claims.

Insofar as Petitioner's claim regarding the newly discovered evidence of fraud by the prosecution in the affidavits filed in order to seize the bank account, Petitioner could have raised the claims in his so-called Rule 60(b) motion filed in the Sentencing Court, which treated the Rule 60(b) motion as an improper second or successive Section 2255 motion. At the very least, he has failed to demonstrate why he could not have earlier brought this claim by having filed his Freedom Of Information request earlier than he did and or sought to have the records unsealed previously. Hence, the present Section 2241 petition constitutes an abuse of the writ and should be dismissed as such. Durr v. U.S., 156 F.3d 1229 (Table), 1998 WL 399621, at *1 (6th Cir. 1998) ("A petitioner abuses the writ by raising a claim in a subsequent petition that could have been raised in an earlier petition, regardless of whether the failure resulted from inexcusable

neglect or a deliberate choice."); U.S. v. Keith, 992 F.2d 1220 (Table), 1993 WL 142086, at *1 (9th Cir. 1993) ("A district court may dismiss a habeas petition for an abuse of the writ when a petitioner raises a claim in a subsequent petition that could have been raised in the first petition, 'regardless of whether the failure to raise it earlier stemmed from a deliberate choice.'").[5]

Accordingly, the following order is entered:

AND NOW, this 8th day of November 2011, the petition for writ of habeas corpus ostensibly filed pursuant to 28 U.S.C. § 2241 is hereby DISMISSED as being either jurisdictionally improper or as being an abuse of the writ.

s/ Maureen P. Kelly<br>
Maureen P. Kelly<br>
U.S. Magistrate Judge

Dated: November 8, 2011.

cc: GEORGE WINKELMAN
    10505-067
    MCKEAN
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. BOX 8000
    BRADFORD, PA 16701

    All Counsel of Record via CM-ECF

---

[5] Although not necessary to our disposition, we note that on October 17, 2011, Petitioner filed in the Sentencing Court a "Motion to Amend Grounds For Relief, In Regards To the Petitioner['s] . . . Original § 2255 Motion . . ." in order to add claims based upon the allegedly newly discovered evidence of the prosecution's perjury. U.S.A. v. George A. Winkelman, No. 4:01-cr- 00304 (M.D. Pa. ECF No. 1153).